IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LIBERTY SPINE & PAIN CENTER, PC,   )
                                             )
            Plaintiff,               )    TC-MD 230007G
                                             )
        v.                   )
                                           )
MARION COUNTY ASSESSOR,      )
                                           )
           Defendant.        )    **DECISION**

This matter came before the court on Defendant's Motion for Summary Judgment, seeking dismissal of Plaintiff's Complaint as untimely. The subject property is identified in Defendant's records as Account 336168, and the tax years under appeal are 2019–20, 2020–21, 2021–22, and 2022–23.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff appealed the real market value of personal property used as medical equipment. Plaintiff's Complaint was transmitted to the court in an envelope bearing a United States Postal Service (USPS) tracking number and was filed on January 4, 2023.

The medical equipment under appeal formerly belonged to three related businesses operated by Plaintiff's principal and was assigned three tax accounts in Defendant's records. (Compl at 2; Farnstrom Affidavit, ¶ 3.) Following business turmoil and the principal's personal bankruptcy in December 2018, the equipment was surrendered to the bank. (Ptf's Response at 5-6.) Much of it was acquired by Plaintiff after a public auction in 2019. (*Id*. at 6.)

In September 2019, Defendant consolidated the equipment into one new tax account under Plaintiff's name. (Farnstrom Affidavit, ¶ 3; Ptf's Response at 7.) The result was a "huge

/ / /

property tax bill" for Plaintiff, about which Plaintiff communicated "extensively by email and telephone with the Defendant during 2019." (Ptf's Response at 7.)

Plaintiff did not file appeals with the board of property tax appeals (BOPTA) in 2020 or 2021. (Ptf's Response at 8.) Plaintiff's manager explains the decision not to appeal as follows:

> "10. Through emails and phone communications, [Defendant] provided me with the impression that their office was trying to help us resolve the confusion with the property tax issues and was likewise giving me accurate and correct information; hence I believed in good faith that I just needed to wait for them to figure things out and correct the account.
>
> "* * * * *
>
> "12. My good faith belief was that [Defendant] intended to correct the errors, but needed more time due to the COVID-19 pandemic challenges. Therefore, I did not see a need to file any BOPTA appeals and engage in a legal battle."

(Roberts Decl, ¶¶ 10–12.)

Plaintiff alleges it deposited a 2022–23 appeal to BOPTA in the mail on December 31, 2022. (Ptf's Response at 9; Roberts Decl, ¶ 15.) The tracking information for that mailing shows a delivery on January 4, 2023, with a tracking number identical to the tracking number on the envelope bearing Plaintiff's Complaint to the court. (*Compare* Ptf's Response, Ex 27 *with* Compl at 46.)

## II. ANALYSIS

The issue is whether Plaintiff's claims for 2019–20, 2020–21, 2021–22, and 2022–23 must be dismissed as untimely, or whether Plaintiff's appeal may be heard under either ORS 305.275 or 305.288.[1]

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

A.     *ORS 305.275*

The ordinary route of appeal from a valuation error in a tax assessment of real or personal property begins with the county board of property tax appeals.[2]  *See* ORS 309.100(1); 309.026. That board's order may in turn be appealed to this court under ORS 305.275(1).  *See* ORS 309.100(7).  There is no general right of appeal to this court for valuation errors that could have been appealed to the board, but were not.  *See* ORS 305.275(3).  Appeals from board orders must be filed within 30 days of when the order was personally delivered or mailed to the taxpayer. ORS 305.280(4).

In this case, Plaintiff alleges that it filed an appeal with the county board for the 2022–23 tax year.  However, the Complaint's filing date and the tracking number on its envelope match the USPS tracking information for the document Plaintiff alleges was its 2022–23 appeal to the board of property tax appeals.  Whatever Plaintiff's intentions, its 2022–23 appeal was taken directly to this court rather than to the board of property tax appeals.  Plaintiff therefore cannot bring a claim for 2022–23 under ORS 305.275.  *See* ORS 305.275(3).

Plaintiff is similarly barred for the prior tax years, for which no appeal to the county board is alleged.  Those years are also outside the maximum period of limitations for any appeal under ORS 305.275(1), which is one year after the taxing authority's act or omission has occurred.  See ORS 305.280(1).

B.     *ORS 305.288(3)*

Even though a taxpayer's right of appeal has lapsed, this court may still correct the roll for the tax year during which the Complaint was filed and for the two preceding tax years if the

---

[2] Beginning July 1, 2024, the boards of property tax appeals will be known as the property value appeals boards.  *See* ORS 309.020 (2023).

taxpayer had "good and sufficient cause" for not pursuing the statutory right of appeal. ORS 305.288(3); 305.288(5)(a); 306.115(5). In this context, good and sufficient cause is "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" ORS 35.288(5)(b). It does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official." *Id*.

Here, Plaintiff's manager explains the failure to appeal to BOPTA as the result of Defendant having given her "the impression that their office was trying to help us resolve the confusion" and was giving her "accurate and correct information." On that basis, Plaintiff's manager believed that Defendant would eventually change the tax roll. "Plaintiff decided to allow the Defendant the time to correct the property lists on the returns without escalating the situation towards potential litigation." (Ptf's Response at 8–9.)

Plaintiff's explanation does not amount to an allegation that it was misled by Defendant. An effort to help resolve confusion is not the same as a promise to change the tax roll. Plaintiff nowhere alleges that such a promise was made, and the emails from Defendant provided by Plaintiff make no such commitment. Likewise, Plaintiff's former belief that Defendant's explanation for consolidating the tax returns was "accurate and correct" is hardly an extraordinary circumstance. No doubt most taxpayers who choose not to appeal do so because they believe the tax roll is substantially accurate. Plaintiff has not demonstrated good and sufficient cause for not timely appealing.

/ / /

/ / /

### III. CONCLUSION

Plaintiff did not pursue its statutory right of appeal under ORS 305.275, and has not shown good and sufficient cause under ORS 305.288 for failing to do so. There is no genuine issue of material fact, and Defendant is entitled to prevail as a matter of law. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment be and hereby is granted. Plaintiff's Complaint appealing Account 336168 for tax years 2019–20, 2020–21, 2021–22, and 2022–23 is dismissed.

Dated this _____ day of January 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on January 9, 2024.*